NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GRUNLEY CONSTRUCTION CO., INC.,**
*Appellant,*

v.

**THE ARCHITECT OF THE CAPITOL,**
*Appellee.*

---

2010-6001

---

Appeal from the Government Accountability Office, Contract Appeals Board, CAB No. 2009-1.

- - - - - - - - - - - - - - - - - - - - - -

---

**GRUNLEY CONSTRUCTION CO., INC.,**
*Appellee,*

v.

**THE ARCHITECT OF THE CAPITOL,**
*Appellant.*

---

2011-6011

---

Appeal from the Government Accountability Office, Contract Appeals Board, CAB No. 2009-1.

Before NEWMAN, SCHALL, and DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## ORDER

The Architect of the Capitol (AOC) moves to dismiss Grunley Construction Co.'s appeal from the Government Accountability Office, Contract Appeals Board, and its own conditional cross-appeal, for lack of jurisdiction. Grunley opposes. AOC replies.

In April 2004, AOC issued to Grunley a fixed-price contract to provide construction services to modernize portions of the Supreme Court of the United States. The contract required that "[c]ertain events during the construction period will require the Contractor to suspend work for given periods of time, including but not limited to key events indicated on the Court calendar." That clause further provided that for bidding purposes "the Contractor shall anticipate sixteen (16) days per calendar year of interrupted work days."

During the course of performance, the Marshal of the Supreme Court began imposing work restrictions during days the court was in session or in conference. Grunley alleges that those restrictions effectively precluded it from performing the work on time and on budget as expected. In October 2005, Grunley shifted some day work to night shifts as a result of the Marshal's imposed restrictions. In late 2006, however, Grunley determined that it would be more productive to work all but specified night trades in the normal work day and to have crews sit out the hours on court days.

On October 1, 2008, Grunley certified a single claim seeking an equitable adjustment from the contracting officer (CO) for $1,095,128 as a result of the Marshal's

imposed restrictions. Grunley alleged that the restrictions constructively changed the contract resulting in increased costs associated with the work between October 2005 and December 2007. Grunley's claim consisted of two components: (1) costs for night shift premiums and night-time inefficiency costs from October 2005 through December 31, 2006; and (2) standby costs incurred during the day. The CO denied Grunley's claim on the grounds that pursuant to the events clause Grunley budgeted for delays during court days.

On cross-motions for summary judgment, the Contract Appeals Board held that Grunley's claim for an adjustment for standby costs incurred during the day was prohibited under the contract's "no damage for delay" clause. However, with regard to its night shift premium and inefficiency cost argument, the Board disagreed with the CO's interpretation of the events clause. Instead, the Board agreed with Grunley that any interruptions more than 16 days per calendar year could be entitled to compensation but only under the "suspension of work" clause. The Board held that "Grunley is entitled to recover the night shift differential that was necessarily incurred and was not for work otherwise required to be performed at night, so long as the conditions of the suspension of work clause are met." The Board expressly declined to reach certain issues on summary judgment, e.g., declining to decide whether the contracting officer engaged in any acts to suspend work because of "insufficient undisputed facts in the record." Grunley filed an appeal seeking review in this court. The issue of Grunley's entitlement to compensation under the suspension clause remains open.

The AOC contends that Grunley's appeal from the Board's summary judgment order is not final. We agree. Although Grunley presents its claim as having multiple cost components, it certified only a single claim arising out of essentially interrelated services and closely con-

nected facts. *See Teller Envtl. Sys. v. U.S.*, 802 F.2d 1385, 1389 (Fed. Cir. 1986) (rejecting characterizing of multiple claims when the demands for adjustments involved interrelated services and closely connected facts). The matter of Grunley's entitlement to an adjustment remains open. Allowing for an appeal from an order resolving in part motions for summary judgment, before all issues are determined, would undermine the primary purpose of the final judgment rule in avoiding the inefficiencies of piecemeal litigation. *See Catlin v. U.S*, 324 U.S. 229, 233 (1945).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted. Both appeals are dismissed. Grunley may appeal the matter after final judgment.

(2) Each side shall bear its own costs.

FOR THE COURT

JUL   7 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Herman M. Braude, Esq.
     Steven J. Gillingham, Esq.

s19

ISSUED AS A MANDATE: _____JUL___7 2011_____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 07 2011

JAN HORBALY
CLERK